MURDOCK, Justice
(concurring specially).
I concur in the main opinion. In his special writing dissenting from our answer to the second certified question before us, the Chief Justice argues that our construction of § 17-17-5, Ala.Code 1975, should be altered based on the rule of statutory, construction that, under certain circumstances, disfavors interpretations of statutes that will make them unconstitutional. 144 So.3d at 268. I cannot agree that we should alter our construction of § 17-17-5 on this ground.
The statute at issue in Ysursa v. Poca-tello Education Ass’n, 555 U.S. 353, 129 S.Ct. 1093, 172 L.Ed.2d 770 (2009), cited by the Chief Justice in note 16, prohibited payroll deductions for “political activities,” which it defined as “ ‘electoral activities, independent expenditures, or expenditures made to any candidate, political party, political action committee or political issues committee or in support of or against any ballot measure.’ ” 555 U.S. at 356, *279 129 S.Ct. 1093 (quoting Idaho Code § 44-2602(l)(e) (emphasis added)). The United States Supreme Court held that this restriction did not infringe upon the First Amendment, free-speech rights of the Po-catello Education Association. See Ysursa, 555 U.S. at 358-59, 129 S.Ct. 1093. Moreover, in reaching this holding, the Supreme Court employed the following general rationale that would appear fully applicable to the statute at issue here and the “political activity” with which it is concerned:
“While in some contexts the government must accommodate expression, it is not required to assist others in funding the expression of particular ideas, including political ones. ‘[A] legislature’s decision not to subsidize the exercise of a fundamental right does not infringe the right, and thus is not subject to strict scrutiny.’ Regan v. Taxation With Representation of Wash., 461 U.S. 540, 549 [103 S.Ct. 1997, 76 L.Edüd 129] (1983)....
“... While publicly administered payroll deductions for political purposes can enhance the unions’ exercise of First Amendment rights, Idaho is under no obligation to aid the unions in their political activities. And the State’s decision not to do so is not an abridgment of the unions’ speech; they are free to engage in such speech as they see fit. They simply are barred from enlisting the State in support of that endeavor.”
555 U.S. at 358, 129 S.Ct. 1093 (citation omitted).
Even if the other circumstances for the application of the rule of construction advanced by the Chief Justice were present here, I see no basis for applying that rule in this case.